UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-08-032-JLQ |
| ) Plaintiff, ) | |
| ) vs. ) | MEMORANDUM OPINION; SENTENCING FINDINGS OF FACT AND CONCLUSIONS OF OF LAW |
| RONALD L. SMITH, ) | |
| ) Defendant. ) | |

This matter came regularly on for sentencing on Friday, the 5th day of September, 2008. The Defendant appeared in person in custody and with his attorney Amy Rubin, Assistant Federal Defender. The Government was represented by Timothy J. Ohms, Assistant United States Attorney. Present was Michael L. Northcutt, Alcohol, Tobacco, and Firearms Agent, who was sworn and testified. United States Probation Officer Wayne Becker was also present.

**OFFENSE LEVEL COMPUTATIONS**

The Defendant has previously pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The Presentence Report, at ¶ 22 computed the base Offense Level at a Level 20 by reason of the Defendant having been previously convicted of a crime of violence. U.S.S.G. § 2K2.1. Application Note 1 provides that a "'Crime of violence' has the meaning given that term in §4B1.2(a) and Application Note 1" of the Commentary to §4B1.2." Section 4B1.2 defines a "crime of violence" as being a felony which "has as an element the use, attempted use, or threatened use of physical force against the person of another, or (b) . . . involves conduct that presents a serious potential risk of physical

ORDER - 1

injury to another."

As established in Sentencing Exhibit # 1, the Defendant pled guilty and was sentenced in Spokane County Superior Court on October 9, 2001 to the felony crime of Harassment under an Information charging that the Defendant:

> did, without lawful authority, knowingly threaten to cause bodily injury in the future by threatening to kill TAWNY JOHNSON or any other person, and the defendant's words or conduct placed TAWNY JOHNSON in reasonable fear that the threat would be carried out.

The Statement of Defendant On Plea Of Guilty set forth that the elements of the offense were "Set forth in the Information." The Statement at ¶ 11 included the provision that "Instead of making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea." The foregoing Information and the police report attached thereto in Sentencing Exhibits # 1 and # 2 clearly establish that the Harassment conviction constituted a crime of violence and therefore the initial Offense Level herein was a Level 20.

The Presentence Report, at ¶s 23 and 24 recommended a 2 level increase by reason of the firearms being stolen pursuant to U.S.S.G. § 2K2.1(b)(4) and an additional 4 level increase by reason of the firearms being possessed in connection with another felony offense (residential burglary). The testimony of Agent Northcutt clearly established that the Defendant burglarized the home of James Darrell Logue in Medical Lake, Washington and stole the firearms from a gun cabinet after breaking the glass with a computer printer. The Defendant then fled with the firearms and pawned them at a Spokane shop. These facts clearly established the valid basis for the 2 and 4 level increases resulting in a total Offense Level of 26. With a 2 level reduction for acceptance for responsibility and a 1 level decrease for the timely entry of a plea, the final Offense Level was determined by the court to be Level 23.

ORDER - 2

## **CRIMINAL HISTORY & GUIDELINE CALCULATION**

The Defendant's criminal history is filled with assaultive type of convictions with total Criminal History points of 22. A person with 13 or more Criminal History points is placed in the highest Criminal History Category of VI. This resulted in a Sentencing Guideline range of 92-115 months.

## **THE PLEA AGREEMENT AND SENTENCE**

The Plea Agreement entered into by the parties at ¶ 2 provides in part as follows:

2. <u>The Court is Not a Party to the Agreement:</u>

> The Court is not a party to this Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U. S. Probation Office; and that the Court, may in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The same ¶ 2 of the Plea Agreement states:

> The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

The last sentence of ¶ 8 (c) of the Plea Agreement states: "Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level would be 13." This statement is obviously contrary to the court's Offense Level findings with a substantially longer Guideline Range than the 33-41 months contemplated by the Government and the Defendant at the time of entering into the Plea Agreement. By

ORDER - 3

reason thereof, the court inquired of the Defendant and his experienced attorney, if they wished to move to withdraw from the Plea of Guilty previously entered. At the request of counsel the court recessed the sentencing hearing until Monday, September 8, 2008 to allow the Defendant and his attorney to discuss the matter.

During the weekend recess and the morning of September 8, 2008, the Defendant and his attorney reached a new agreement that the Plea Agreement would be modified to remove the provision contained in ¶ 17 which included a waiver of the Defendant's right to appeal "if the Court imposes a prison term within the guideline range . . ." At the resumption of the sentencing hearing at 11 a.m. on Monday, September 8, 2008, the Defendant and his attorney acknowledged that with this deletion, the Defendant wished to stand by his plea of guilty and proceed with sentencing.

At allocution, the Defendant, counsel for the Defendant, and the attorney for the Government all recommended to the court a sentence below the Sentencing Guideline range of 92-115 months. The Government did not seek a downward departure reduction in the Offense Level of 23 or Criminal History Category VI, but recommended a sentence in the range of three years. While recognizing the court's discretion to sentence below the Guideline range, in view of the Defendant's extensive and current history of crimes of violence resulting in both misdemeanor and felony convictions and Criminal History points of 22, more than 50% higher than the points need for the highest Criminal History Category of VI, the court rejected the requests for a sentence below the Guideline range and sentenced the Defendant to a term of imprisonment of 92 months, the low end of the Guideline range, to be followed by a term of Supervised Release of 3 years. The Defendant's juvenile history of violent and assaultive offenses are set forth in paragraphs 36 though 54 of the Presentence Report. The adult assaultive, abusive, and violent offenses are set forth in paragraphs 70 through 99 of the Presentence Report.

In making the determination as to the appropriate sentence in this matter, the court considered, *inter alia,* the factors set forth in 18 U.S.C. § 3553(a)(2). Of substantial

import to the court was the necessity for not only just punishment, but also to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant. The 92 month sentence will also afford the Defendant the opportunity for needed educational and vocational training along with mental health and drug counseling, analysis, and treatment.

The imposition of a sentence which substantially exceeds that recommended by the office of the United States Attorney is not an matter which has occurred often in this court's experience. The court reflected on that matter during the three days between the commencement of the sentencing hearing and the imposition of sentence. That reflection did not result in the court finding a basis for the imposition of a sentence in the range recommended to the court by the prosecution, but rather resulted in the court concluding that the Guideline sentence, also recommended by the Probation Officer, was the appropriate sentence.

The Clerk shall enter this Order and furnish copies to counsel.

Dated this 9th day of September, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5